EDWARD E. PETER, PLAINTIFF-RESPONDENT, v. FRED-
ERICK W. PETER, DEFENDANT; BURLINGTON CITY
LOAN AND TRUST COMPANY, IN LIQUIDATION, PE-
TITIONER-APPELLANT.

Submitted October 26, 1934—Decided January 10, 1935.

For the petitioner-appellant, *Powell & Parker.*

For the plaintiff-respondent, *Aaron V. Dawes.*

The opinion of the court was delivered by

BODINE, J. The Supreme Court reversed a judgment of
the Burlington Pleas setting aside a judgment confessed in
that court by Frederick W. Peter in favor of his brother,
Edward E. Peter. The sole disputed factual question before
the Common Pleas was: "Did the debtor give his brother
the bond and warrant of attorney with the fraudulent pur-
pose of protecting his property from his other creditors?"
The rule is well settled in this state that where a cause is
tried by the court without a jury the findings on questions
of fact cannot be reviewed on writ of error. All that can be
reviewed is the sufficiency of the facts found to support the
judgment. *Columbia Delaware Bridge Co.* v. *Geisse,* 38
*N. J. L.* 39, 580; *City of Elizabeth* v. *Hill,* 39 *Id.* 555;
*Blackford* v. *Plainfield Gas Light Co.,* 43 *Id.* 438; *Dimock*
v. *United States National Bank,* 55 *Id.* 296; *Berger* v. *Ber-*

*man,* 79 *Id.* 314; *Marten* v. *Brown,* 80 *Id.* 143; *Larned* v. *MacCarthy,* 85 *Id.* 589; *Russell* v. *Public Service Railway Co.,* 104 *Id.* 34.

The question for the Supreme Court was simply whether there was evidence to support the finding of the trial court that the bond and warrant of attorney was given with the fraudulent purpose of protecting the debtor's property from his creditors.

The judgment debtor, Frederick W. Peter, had been a director of the Burlington City Loan and Trust Company. He was also engaged in the garage business in Burlington. He was heavily indebted to the trust company and unable to meet his obligations. The trust company had been taken over by the state banking department and suit had been brought upon Frederick's overdue and unsecured promissory note. The bond and warrant, the basis for the judgment set aside by the Burlington Pleas, was then given to the debtor's brother, Edward E. Peter, who immediately issued execution and levied upon the debtor's real property. Frederick W. Peter's interest in the garage business was sold to his brother, but the debtor was not adversely affected because he went on with the conduct of the business in the usual manner. Whatever debt existed in favor of Edward E. Peter arose out of an alleged partnership existing between the brothers. Strangely enough the indebtedness, the basis of the confessed judgment, arose from a diversion years before of the entire surplus of the business. The proceeds were used to make improvements to property standing in the name of Frederick W. Peter.

In 1913, a business certificate made and filed in the Burlington county clerk's office and never altered until the making of the bond and warrant, disclosed Frederick W. Peter as the sole trader under the name of Frederick W. Peter Motor Car Company. The bond and warrant is dated August 5th, 1932. On the same day, a new certificate was filed indicating that the firm of Peter Garage was composed of Frederick W. Peter and Edward E. Peter as partners. On August 30th, 1932, a new certificate was filed indicating that the

partnership had been dissolved by virtue of the sale of the interest of Frederick W. Peter to Edward E. Peter.

It is most significant that the bond and warrant upon which the judgment was entered, the certificate of the formation of the partnership and the dissolution of the business took place after suit had been brought by the banking department upon the debtor's overdue and unsecured promissory note. Besides Frederick W. Peter remained in undisturbed possession of the business.

There was in the court of first instance no specific finding as to the invalidity of Edward E. Peter's claim and none was necessary, because we think the proofs clearly indicate the fraudulent purpose to protect the debtor's property from his creditors. *Metropolitan Bank* v. *Durant,* 22 *N. J. Eq.* 35; *Mechanics National Bank* v. *Burnet Manufacturing Co.,* 33 *Id.* 486; *affirmed,* 35 *Id.* 344.

The proofs further indicate that Edward E. Peter had carried on negotiations for a settlement with the banking department upon his brother's note long before suit was brought, he promising to advance his own money for that purpose.

Edward's interest in his brother's welfare, the speed with which he procured his brother's property, upon a claim which arose out of most doubtful circumstances, and the continued possession by the debtor of the business formerly owned, indicate a fraudulent purpose to protect the debtor's property from his creditors which could not be overcome by bare denials from witnesses whose testimony was, in many other particulars, inconsistent and evasive.

There being proofs to support the findings of the trial court upon the factual issue of the fraudulent purpose, the Supreme Court fell into error in reversing the judgment.

The judgment of that court is reversed, with costs.

*For affirmance*—LLOYD, VAN BUSKIRK, KAYS, JJ. 3.

*For reversal*—THE CHANCELLOR, PARKER, CASE, BODINE, DONGES, PERSKIE, HETFIELD, DEAR, WELLS, JJ. 9.